Peelle, Ch. J.,
concurring:
I concur in the conclusion dismissing the petition. The action is predicated on the theory that the money lost by the claimant’s decedent was not money of the United States and that, therefore, the deduction of the amount so lost from the salary of the decedent was without authority of law. But for the Regulations of the Navy Department, 1035 to 1040, inclusive, authorizing the establishment of post exchanges, providing the method of conducting the same and their sources of income, the manner of keeping accounts, etc., I should concur in this view.
I think the Regulations, however, operate to constitute the Government a trustee for the safe-keeping and disbursement of the funds through some officer designated therefor by the commanding officer where post exchanges exist. The beneficiaries of the fund have no voice in the matter independent of the Regulations; and, as the Government, through the Regulations, assumes the trusteeship, the funds for the purpose of protecting the beneficiaries thereof should be considered as trust funds held by the Government through one of its officers; and thus treating the fund the Government had a right to deduct the amount from the pay of the’ officer under Revised Statutes, section 1766, and pay the same over to the treasurer of said fund.
*95 Had the claimant or his decedent seen fit to pay the amount of the loss direct, that would have satisfied the trust and entitled the claimant to the money so deducted; but not having done so and the loss, as found, having been through the negligence of the decedent, the claimant is not entitled to relief under the disbursing officers’ act and, consequently, not entitled to judgment, and therefore I concur in dismissing the petition.
BaeNey and Booth, JJ., dissented.